## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Peter DiPietro, | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| Landis Title Company, | : | **COMPLAINT** |
| Renie Geuld; employee of | : | |
| Landis Title Company | : | |
| Ballard Spahr, LLP | : | |
| Mariah Murphy, Associate | : | |
| Of Ballard Spahr, | : | |
| | : | |
| Defendants. | : | |

RECEIVED

SEP 0 6 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Plaintiff Peter DiPietro says:

1.     At all times hereinafter mentioned, plaintiff was and still is a resident of New Jersey.

2.     Defendant Landis Title Company is a corporation incorporated under the laws of New Jersey, having a main office at 1117 E. Landis Avenue, Suite D, Vineland NJ 08360.

3.     Defendant Renie Geuld is an individual and is employed by Landis Title Company.

4.     Defendant Ballard Spahr LLP is a law firm corporation incorporated under the laws of New Jersey, having an office at 210 Lake Drive East, Suite 200, Cherry Hill, 08002.

5.     Defendant Mariah Murphy is an individual and an Associate of Ballard Spahr, LLP.

## JURISDICTION

6.     This court has jurisdiction of this adversary proceeding under Title 28 § 1331, 15 U.S.C. 1601, 15 U.S.C. 1639, 12 CFR Part 226, 12 U.S.C. 2602, 42 U.S.C. 3535(d), HOEPA. Title 18 Chapter 19 Conspiracy, Title 18 Chapter 47 Fraud and False Statements, Title 18 Chapter 79 Perjury, Title 18 Chapter 96 Racketeer Influenced and Corruption Organizations.

7.     This court has jurisdiction of this adversary proceeding because the state court adjudicated all claims against all named defendants.

## COUNT I

### (Consumer Fraud)

1.     On August 24, 2007, Newfield National Bank and Plaintiff Peter D. DiPietro entered into a written agreement involving a mortgage and mortgage note to secure an alleged sum. The closing was provided by Landis Title Company.

2.     Defendant Landis Title Company is a "'title company' pursuant to RESPA 12 U.S.C. § 2602(4).

3.     Defendant Landis Title Company provides "Settlement Services" pursuant to RESPA 12 U.S.C. § 2602(3).

4.     Plaintiff's property was foreclosed on in 2010 and was valued at signing over $400,000.00.

5.     The alleged document, known as the "Balloon Note" is not the same document that Plaintiff had made application for.

6.    Defendant Landis Title Company advertises: Providing personalized service from our highly-trained, knowledgeable staff; Offering a wide array of settlement-related services; Ensuring that you are prepared for settlement with the most accurate and complete information.

7.    Defendant Landis Title Company failed at their duty to the plaintiff by ensuring that plaintiff was prepared for settlement with the most accurate and complete information.

8.    Defendant did conspire with Newfield National Bank to have the plaintiff sign for a detrimental mortgage that had to be paid in full in five years.

9.    Defendant Landis Title Company and Newfield National Bank have had a relationship prior to the execution of the plaintiff's mortgage loan, defendant had full knowledge that the property was valued in excess of $400,000.00 at closing and that the plaintiff only borrowed $240,000.00. The defendant had full knowledge that the plaintiff did put over $100,000.00 of his own money and his time into his property. The defendants had full knowledge that balloon note mortgages are detrimental to the borrower, but allowed Newfield National Bank to switch the loan at closing on the plaintiff.

10.    Defendant Landis Title Company had full knowledge that the plaintiff had signed a Final Typed Universal

Residential Loan Application (hereinafter URLA) for a thirty year fixed rate mortgage. **ATTACHED as Exhibit A**

11.    The defendant willfully refused to explain to the plaintiff the details of a "Balloon Note" Mortgage at closing.

12.    The defendant had full knowledge that the plaintiff was not disclosed about the terms and the conditions of the loan prior to, during and after the closing. **ATTACHED as Exhibit B: AFFIDAVIT OF MICHAEL J. SMITH**

13.    Defendant had full knowledge that Newfield National Bank had plaintiff sign URLA that was "incomplete" or "blank" in the loan type areas. The handwriting is not the plaintiff's in the loan type area and was completed by someone within Newfield National Bank the application if for the sum of $200,000.00 and not the $240,000.00, this URLA was not signed by any bank employee.

14.    The defendant had full knowledge of the TILA and RESPA violations were being committed by defendant Newfield National Bank prior to and at closing and willfully failed to correct the situation prior to closing.

15.    Defendant willfully had plaintiff sign an "incomplete" or "blank" HUD-1 Settlement Statement file # LT13224-CP in violation of Title 12 § 2603(b). **ATTACHED as Exhibit C**

16.    Defendant Landis Title Company has willfully,

knowingly and with intent to defraud the Gloucester County Clerk's Office did record a fraudulent loan document in violation of Title 18 § 1001 through § 1010.

17.    Defendant Landis Title Company is in the business of ensuring that plaintiff was prepared for settlement with the most accurate and complete information.  Plaintiff relied upon Defendant for its expertise, professional capacity, accompanying services and protections, and to follow Federal and State rules, regulations and laws regulating those transactions.  Defendant placed an invalid loan title within the County Clerk's Office with unclean hands. These facts are proof that Plaintiff relied upon Defendant's expertise and professional capacity(ies) to his detriment.

18.   The defendant willfully conspired with defendant Newfield National Bank's wrongful conduct to violate Federal and state laws, specifically, Title 12 § 2603(b), 42 U.S.C. 3535(d), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15 U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f), "RESPA" regulations, "REGULATION Z" regulations, Home Ownership and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq. and Amendments, by and through Predatory Lending Practices perpetrated by Defendant.

19.   The wrongful conduct, fraud, deception, false

representations and violations of the aforereferenced Federal and state laws by Defendant constitutes Consumer Fraud, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and actionable for recovery of damages pursuant to N.J.S.A. 56:8-19.

20.   Defendant Landis Title Company admitted to all allegations within the state court matter under Docket No. L-001651-10. **ATTACHED as Exhibit D**

21.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT II

### (Punitive Damages Act--N.J.S.A. 2A:15-5.9)

1.   The plaintiff re-alleges and restates each allegation.

2.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Defendant defrauded Plaintiff through Predatory Lending Acts, fraud in the inducement, actual fraud (extrinsic and intrinsic), probable forgeries, violations of Right of Rescission pursuant to 15 U.S.C. §1635 and 12 C.F.R.

(Code of Federal Regulations) §226.15, and committed violations of HUD, TILA, RESPA and Regulation Z regulations, laws, and rules.

3.   The damages suffered by Plaintiff were the result of acts, omissions and commissions in part of Defendant Landis Title Company and done with actual malice and aforethought, and/or with a wanton, willful and knowing disregard for the certainty of financial injury to the Plaintiff resulting from their malicious acts.

4.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT III

### (Fraud)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Landis Title Company did intentional deceived plaintiff into signing a detrimental balloon note mortgage when they had full knowledge that he did apply for a thirty year fixed rate mortgage.

3.   Defendant Landis Title Company had full knowledge that

the plaintiff went into closing thinking he was going to receive a thirty year fixed rate mortgage as promised by Newfield National Bank.

4.   Defendant Landis Title Company willfully concealed a material fact from plaintiff.

5.   Defendant Landis Title Company admitted to all allegations within the state court matter under docket no. L-001651-10.

6.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT IV

### (Conspiracy)

1.   The plaintiff re-alleges and restates each allegation.

2.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery Defendant Landis Title Company could not have legally closed on the plaintiff's mortgage loan. This fact is proof that the defendant did conspire with Newfield National Bank to break the law.

3.    Defendant Landis Title Company admitted to all allegations within the state court matter under docket no. L-001651-10.

5.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT V

### (Predatory lending/racketeering)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Landis Title Company did conspire with Newfield National Bank to close on the loan illegally and subjected the plaintiff to predatory lending practices.

3.    Defendant Landis Title Company admitted to all allegations within the state court matter under docket no. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00

in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VI

### (Negligence)

1.   The plaintiff re-alleges and restates each allegation.

2.   Plaintiff did pay for the services of defendant Landis Title Company, willfully failed their fiduciary duty to the plaintiff to insure that he was disclosed about the loan and was getting the loan he applied for.

3.   Defendant Landis Title Company admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VII

### (Consumer fraud)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Renie Geuld is a "person" defined under New Jersey Consumer Fraud Act.

3.   The defendant willfully refused to explain to the plaintiff the details of a "Balloon Note" Mortgage at closing of the mortgage.

4.   Defendant prepared the HUD-1 Settlement Statement that was "incomplete" or "blank" when the plaintiff signed them.

5.   Defendant had full knowledge of the TILA and RESPA violations being committed by defendant Newfield National Bank.

6.   Defendant willfully prepared the HUD-1 Settlement Statement File # LT13224-CP with section "B" Type of Loan "blank" in violation of Title 12 § 2603(b) to defraud the plaintiff.

7.   Defendant had full knowledge that the plaintiff was not disclosed about the loan.

8.   Defendant Renie Geuld is employed by Landis Title Company, defendant Landis Title Company is in the business of ensuring that plaintiff was prepared for settlement with the most accurate and complete information.  Plaintiff relied upon Defendant Renie Geuld for her expertise, professional capacity, accompanying services and protections, and to follow Federal and State rules, regulations and laws regulating those transactions. Defendant Renie Geuld failed at her duty towards plaintiff. Defendant Renie Geuld placed an invalid loan title within the County Clerk's Office with unclean hands. These facts are proof that Plaintiff relied upon Defendant's expertise and

professional capacity(ies) to his detriment.

9.   The defendant acted individually to willfully conspired with defendant Landis Title Company and Newfield National Bank's wrongful conduct which have violated Federal and State laws, specifically, Title 12 § 2603(b), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15 U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f), "RESPA" regulations, "REGULATION Z" regulations, Home Ownership and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq. and Amendments, by and through Predatory Lending Practices perpetrated by Defendant.

10.   The wrongful conduct, fraud, deception, false representations and violations of the aforereferenced Federal and State laws by Defendant constitutes Consumer Fraud, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and actionable for recovery of damages pursuant to  N.J.S.A. 56:8-19.

11.   Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

12.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

   **WHEREFORE,** Plaintiff Peter D. DiPietro demands

judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VIII

### (Punitive Damages Act--N.J.S.A. 2A:15-5.9)

1.    The plaintiff re-alleges and restates each allegation.

2.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Defendant defrauded Plaintiff through Predatory Lending Acts, fraud in the inducement, actual fraud (extrinsic and intrinsic), probable forgeries, violations of Right of Rescission pursuant to 15 U.S.C. $1635 and 12 C.F.R. (Code of Federal Regulations) $226.15, and committed violations of HUD, TILA, RESPA and Regulation Z regulations, laws, and rules.

3.    The damages suffered by Plaintiff were the result of acts, omissions and commissions in part of Defendant Renie Geuld acting individually done with actual malice and aforethought, and/or with a wanton, willful and knowing disregard for the certainty of financial injury to the Plaintiff resulting from their malicious acts.

4.    By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

13

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT IX

### (Fraud)

1. The plaintiff re-alleges and restates each allegation.

2. Defendant Renie Geuld did intentional deceived plaintiff into signing a detrimental balloon note mortgage when they had full knowledge that he did apply for a thirty year fixed rate mortgage.

3. Defendant Renie Geuld had full knowledge that the plaintiff went into closing thinking he was going to receive a thirty year fixed rate mortgage as promised by Newfield National Bank.

4. Defendant Renie Geuld had full knowledge that Newfield National Bank was committing fraud against the plaintiff, Defendant willfully refused inform the plaintiff of this, but lay silent during closing. Defendant willfully concealed a material fact from plaintiff. Equity regards done what ought to be done

5. Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

6. By the willful acts committed by defendant, Plaintiff

was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT X

### (Conspiracy)

1.    The plaintiff re-alleges and restates each allegation.

2.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery Defendant Renie Geuld acting individually could not have legally closed on the plaintiff's mortgage loan. This fact is proof that the defendant did conspire with Newfield National Bank to break the law.

3.    Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XI

### (Predatory lending/racketeering)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Renie Geuld did conspire with Newfield National Bank to close on the loan illegally and subjected the plaintiff to predatory lending practices.

3.    Defendant Renie Geuld admitted to all allegations within the state court matter under docket no. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XII

### (Negligence)

1.    The plaintiff re-alleges and restates each allegation.

2.    Plaintiff did pay for the services of defendant Landis Title Company, defendant Renie Geuld acted individually and willfully failed her fiduciary duty to the plaintiff to insure that he was disclosed about the loan and was getting the loan he applied for.

3.    Defendant Renie Geuld admitted to all allegations

16

within the state court matter under Docket No. L-001651-10.

4.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XIII

### (Fraud)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP did foreclose on the plaintiff's property with full knowledge that their client Newfield National Bank did commit fraud against plaintiff.

3.   Defendant Ballard Spahr LLP willfully secured a foreclosure of plaintiff's property when they knew that RESPA violations did exist. **ATTACHED as Exhibit E**

4.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

5.   By defendant Ballard Spahr LLP securing a foreclosure against the plaintiff's property committed an act of fraud.

6.   Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10. **ATTACHED as Exhibit F**

7.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

### COUNT XIV

### (Conspiracy)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP foreclosed on the plaintiff's property with full knowledge that their client Newfield National Bank did commit fraud against plaintiff.

3.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.   Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

5.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment

18

against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XV

### (Breach of Duty of Care)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP did proceed in a foreclosure action when the evidence has shown that plaintiff was a victim of predatory lending in violation of NJ RPC 3.1.

3.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.   Defendant Ballard Spahr LLP did attempt to conceal their client's copy of the URLA for a thirty year fixed rate during the action in violation of NJ RPC 3.3, NJ RPC 4.1, NJ RPC 8.1 and NJ RPC 8.4.

5.   Defendant Mariah Murphy of defendant Ballard Spahr LLP made false statements of material fact on the record in violation of NJ RPC 3.3, NJ RPC 3.4, NJ RPC 4.1, NJ RPC 8.1, NJ RPC 8.2 and NJ RPC 8.4.

6.   Defendant Mariah Murphy of defendant Ballard Spahr LLP made statements within the action which is not back by material fact, lawyers cannot act as witnesses, therefore Mariah Murphy has also violated RPC 3.7(a),(1), and (2).

7.   Defendant Ballard Spahr LLP secured a foreclosure on

the plaintiff's property with full knowledge that he was a victim of fraud; therefore defendant Murphy has violated NJ RPC 8.4.

8.   Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

9.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XVI

### (Racketeering)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP did conspire with their client Newfield National Bank to illegally defraud the plaintiff out of his property when defendant Mariah Murphy had full knowledge that her client Newfield National Bank did commit fraud against plaintiff.

3.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.    Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

5.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XVII

### (Fraud)

1.    The plaintiff re-alleges and restates each allegation.

2.    Plaintiff sent defendant Mariah Murphy Associate of defendant Ballard Spahr LLP four letters and four e-mails demanding the mortgage loan application.

3.    Defendant Mariah Murphy attempted to conceal the thirty year fixed rate URLA from plaintiff to defraud him of his property.

4.    Defendant Mariah Murphy did secure a foreclosure of plaintiff property when the said mortgage is invalid.

5.    Defendant Murphy willfully sent the plaintiff a letter stating that the motion for stay pending appeal to be heard on

October 15, 2010 would be adjourned on November 5, 2010, the motion was heard on October 15. Defendant did so to deny the plaintiff's stay of a foreclosure on his property.

6.  Defendant Mariah Murphy did secure a foreclosure on plaintiff's property with full knowledge that plaintiff was a victim of a bait and switch scheme which is fraud perpetrated by her client.

7.  Defendant Mariah Murphy willfully conspired with defendant Newfield National Bank's wrongful conduct to conceal an act of fraud with willful intent to defraud plaintiff out of his property and equity.

8.  By the acts committed by defendant Mariah Murphy have violated Rules of Professional Conduct RPC 3.7(a),(1), and (2); RPC 4.1(1); and RPC 4.1(2).

9.  Defendant Murphy acted individually to willfully conspired with Newfield National Bank's wrongful conduct which have violated Federal and State laws, specifically, Title 12 § 2603(b), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15 U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f), "RESPA" regulations, "REGULATION Z" regulations, Home Ownership and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq. and Amendments, by and through Predatory Lending Practices perpetrated by Newfield National Bank defendant Mariah Murphy

22

did secure a foreclosure on the plaintiff property.

10.   Defendant Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

11.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XVIII

### (Conspiracy)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Mariah Murphy acted individually and conspired with her client Newfield National Bank to secure a foreclosure and unlawfully take the plaintiff's property with full knowledge that plaintiff was a victim of predatory lending, bait and switch scheme and was not disclosed about the loan prior to, during and after closing, thereby violating Federal and State Laws and Statutes.

3.   Defendant Mariah Murphy did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.   Defendant Mariah Murphy admitted to all allegations

within the state court matter under Docket No. L-001651-10.

5.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XIX

### (Breach of Duty of Care)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Murphy acting individually did proceed in a foreclosure action when the evidence has shown that plaintiff was a victim of predatory lending in violation of New Jersey Rule of Professional Conduct (hereinafter "NJ RPC") 3.1.

3.    Defendant Murphy did attempt to conceal her client's copy of the URLA for a thirty year fixed rate during the action in violation of NJ RPC 3.3, NJ RPC 4.1, NJ RPC 8.1 and NJ RPC 8.4.

4.    Defendant Murphy made false statements of material fact on the record in violation of NJ RPC 3.3, NJ RPC 3.4, NJ RPC 4.1, NJ RPC 8.1, NJ RPC 8.2 and NJ RPC 8.4.

5.    Defendant Murphy made statements within the action

which is not back by material fact, lawyers cannot act as witnesses, therefore Mariah Murphy has also violated RPC 3.7(a),(1), and (2).

6.   Defendant Murphy secured a foreclosure on the plaintiff's property with full knowledge that he was a victim of fraud; therefore defendant Murphy has violated NJ RPC 8.4.

7.   Defendant Mariah Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

8.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XX

### (Racketeering)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Murphy acted individually and conspired with her client Newfield National Bank to willfully defraud the plaintiff out of his property when defendant Murphy had full knowledge that her client Newfield National Bank did commit fraud against plaintiff.

25

3.    Defendant Mariah Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

Permanent injunction against the Gloucester County Sherriff's department from proceeding with a Sheriff's sale of plaintiff's property.

### DEMAND FOR JURY TRIAL

Plaintiff Peter D. DiPietro demands Trial by Jury.

September 3, 2011

_____

Peter DiPietro
495 South Bluebell Rd.
Vineland, New Jersey
08360
856-697-9500

## CERTIFICATE OF SERVICE

I, Peter DiPietro, certify to the following:

1.     I served an Original and 2 copies of plaintiff's Complaint upon the Clerk, United States District Court, District of New Jersey at Mitchell H. Cohen, United States Courthouse, one John F. Gerry Plaza, 4th and Copper Sts., Camden, New Jersey 08101.

2.     I served 2 copies to Defendant Landis Title Company and Renie Gueld at 1117 E. Landis Avenue, Suite D, Vineland, NJ 08360 by United States Postal Service Certified Mail.

3.     I served 2 copies to Defendant Ballard Spahr, LLP and Mariah Murphy at 210 Lake Drive East, Suite 200, Cherry Hill, New Jersey, 08002 by United States Postal Service Certified Mail.

I certify that the foregoing statements made by me are true. If any of the foregoing statement made by me is willfully false, I am subject to punishment.

Dated: September 3, 2011

_____

Peter DiPietro