# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

Peter DiPietro,                     :
                                    :
                    Plaintiff,      :        Civil Action No. 11-5110
                                    :
v.                                  :
                                    :
Landis Title Company, Renie         :
Geuld, employee of Landis           :          Before:
Title Company, Ballard              :    Honorable Noel L. Hillman
Spahr, LLP, and Mariah              :
Murphy, Associate of                :
Ballard Spahr,                      :
                                    :
                    Defendants.     :

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AS TO DEFENDANTS,
LANDIS TITLE COMPANY AND RENIE GEULD**

---

Motion Returnable on November 7, 2011

Phillip S. Van Embden, Esquire
**PHILLIP S. VAN EMBDEN, P.C.**
900 East Pine Street, PO Box 863
Millville, NJ 08332
Phone: (856)327-5656
Fax: (856)327-5852
Attorney for Defendants, Landis
Title Corporation and Renee Gould

**TABLE OF CONTENTS**

Table of Authorities................................... ii

Factual and Procedural Background..................... iv

Argument.............................................. 1

    I     Plaintiff's Complaint Should Be Dismissed
          for Lack of Subject Matter Jurisdiction...... 1

    II    Plaintiff's Complaint Fails to State a Claim
          upon Which Relief May Be Granted............. 4

    III  Plaintiff's Claims Are Barred by the Rooker
          Feldman Doctrine............................. 6

    IV   Plaintiff's Claims are Barred by Res
          Judicata..................................... 7

Conclusion............................................ 9

i

## TABLE OF AUTHORITIES

### Federal Cases

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)...............   4, 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127
   S. Ct. 1955, 167 L. Ed. 2d 929 (2007)................   4

Federated Dep't. Stores, Inc. v. Moitie, 452 U.S. 394
   (1981)..............................................   8

Harris v. Brody, 317 Fed. Appx. 153 (3d Cir. 2008)......   8

Kelley v. Edison Twp., 377 F. Supp. 2d 478, (D.N.J.
2005)..................................................   4

In re Knapper, 407 F.3d 573 (3d Cir. 2005).............   6

Patetta v. Wells Fargo Bank, No. 09-2848, 2010 U.S.
   Dist. LEXIS 47233 (D.N.J. May 13, 2010)..............   7

### State Cases

Twp. of Warren v. Suffness, 225 N.J. Super. 399 (App.
   Div. 1988)..........................................   7

### Federal Statutes

12 U.S.C. §2608........................................   2

12 U.S.C. §2614........................................   2

15 U.S.C. §1631........................................   1

15 U.S.C. §1635........................................   1

15 U.S.C. §1637........................................   1

15 U.S.C. §1638........................................   1

15 U.S.C. §1640(e).....................................   2

28 U.S.C. §1331 ........................................... 1

28 U.S.C. §1332(a) ........................................ 3

12 C.F.R. §226.1(c) ....................................... 1

Fed. R. Civ. P. 8(a) ...................................... 5

Fed. R. Civ. P. 12(b)(6) .................................. 4, 5

## FACTUAL AND PROCEDURAL BACKGROUND

1.  Defendants are Landis Title Corporation, a New Jersey corporation, and Renee Gould, an employee of Landis Title Corporation, both located at c/o Phillip S. Van Embden, P.C., 900 East Pine Street, PO Box 863, Millville, NJ 08332; and Ballard Spahr, LLP and Mariah Murphy, located at Plaza 1000, Suite 500, Main Street, Voorhees, NJ 08043.

2.  Plaintiff incorrectly states the names of Defendants as Landis Title Company and Renie Geuld, the correct names and/or spellings of Defendants are "Landis Title Corporation" and "Renee Gould."

3.  Landis Title Corporation was engaged by Newfield National Bank to act as the title company in a closing held between Newfield National Bank and Plaintiff, Peter DiPietro on August 24, 2007.

4.  Renee Gould, as an employee of Landis Title Corporation, acted as the settlement agent in the above noted closing transaction.

5.  Newfield National Bank provided Landis Title Corporation multiple documents relating to the real estate loan being transacted between Newfield National Bank and Peter

iv

DiPietro for the purpose of facilitating the closing and providing information for the closing documents.

6.  Renee Gould, as an employee of Landis Title Corporation, prepared the HUD-1 Settlement Statement based solely upon information provided by Newfield National Bank and public records.

7.  At the subject closing, Plaintiff signed a Mortgage in favor of Newfield National Bank indicating a thirty (30) year amortization with payment in full of $240,000.00 on or before August 24, 2012, five years from the date of closing.

8.  At the subject closing, Plaintiff signed a Balloon Rider indicating that the subject loan was payable in full in five years.

9.  Plaintiff did not contract with Landis Title Corporation for title insurance on the subject transaction.

10. Defendants, Renee Gould and Landis Title Corporation, were not "creditors" or "lenders" in the subject transaction.

11. Renee Gould and Landis Title Corporation performed services at the subject closing in conformance with all relevant

v

rules and regulations and industry standards.

12. Plaintiff, Peter DiPietro, defaulted on his loan to Newfield National Bank and a foreclosure suit commenced.

13. Plaintiff filed a counterclaim against multiple parties, including Newfield National Bank, which the Court later severed from the foreclosure action and transferred Plaintiff's counterclaim to the Superior Court of New Jersey's Law Division for adjudication.

14. Plaintiff later amended his Complaint to add multiple Defendants including, Landis Title Corporation, Renee Gould, Ballard Spahr, LLP and Mariah Murphy, Esquire.

15. Plaintiff's Complaint included sixty-nine (69) counts against six (6) defendants and five (5) John/Jane Does. The counts of Plaintiff's Complaint included allegations of and/or violations of: a) Consumer Fraud, b) Fraud, c) Unfair and Deceptive Practices, d) Conspiracy, e) Breach of Contract (implied), f) Predatory lending/racketeering, g) Negligence, h) Truth in Lending Act ("TILA"), i) Real Estate Settlement Procedures Act ("RESPA"), j) Regulation Z, k) Home Ownership and Equity Protection Act ("HOEPA"), l) HUD-1, m) New Jersey Home Ownership Security Act, n)

vi

Predatory Lending, and o) New Jersey Consumer Fraud Act.

16. Defendants answered Plaintiff's Complaint and proceeded with discovery.

17. Plaintiff filed a Motion for Summary Judgment and in response, Defendants, Landis Title Corporation and Renee Gould, filed a Motion to Amend Answer, Deny Plaintiff's Motion for Summary Judgment and Grant Defendants' Cross Motion for Summary Judgment.

18. Oral arguments on Plaintiff's Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment were heard before the Honorable Richard J. Geiger, J.S.C. on July 8, 2011 and the Court ruled in favor of Defendants, Landis Title Corporation and Renee Gould, entering Summary Judgment against Plaintiff on all counts.

19. On or about July 21, 2011, Plaintiff filed a Motion for Leave to Appeal to the Superior Court of New Jersey, Appellate Division; Plaintiff's motion was denied on August 25, 2011.

20. On or about September 6, 2011, Plaintiff filed a Complaint in the United States District Court for the District of New Jersey.

21.  Plaintiff's Complaint before this Court contains twenty (20) counts including allegations of and/or violations of: a) Consumer Fraud, b) Punitive Damages Act – N.J.S.A. 2A:15-5.9, c) Fraud, d) Conspiracy, e) Predatory Lending/Racketeering, f) Negligence, g) RESPA, h) TILA, i) Regulation Z, j) HOEPA, k) HUD-1, l) New Jersey Home Ownership Security Act, m) Predatory Lending Practices, and n) New Jersey Consumer Fraud Act.

22.  On or about September 20, 2011, Plaintiff filed a Motion for Leave to Amend Complaint and Remove State Action Docket No. L-001651-10 Against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 Through #5 to Federal Court.

23.  Plaintiff's proposed Amended Complaint before this Court appears to contain twenty (20) counts which are identical to the original Complaint in addition to four (4) new counts against proposed additional defendants.

24.  By way of response to Plaintiff's Complaint and Plaintiff's proposed Amended Complaint, Defendant brings this Motion to Dismiss based on lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, the Rooker-Feldman Doctrine and res judicata.

**ARGUMENT**

I     **Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

A.    Lack of Federal Question Jurisdiction

There is no federal question jurisdiction in this matter. The District Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. §1331. Plaintiff claims the Court has jurisdiction under 15 U.S.C. §1601 (TILA), 15 U.S.C. §1639 (HOEPA), 12 C.F.R. §226 (Regulation Z), 12 U.S.C. §2602 (RESPA), and also lists several criminal codes under the United States Code.

The United States Codes which Plaintiff makes reference to are applicable to creditors. The Truth in Lending Act ("TILA), the Home Ownership and Equity Protection Act ("HOEPA"), and Regulation Z are applicable only to creditors, with the exception of limited circumstances. See 15 U.S.C. §§1631, 1635, 1637 and 1638 as to TILA and HOEPA; See also 12 C.F.R. §226.1(c) as to Regulation Z. The Real Estate Settlement Procedures Act ("RESPA") merely defines "title company" and "settlement services" and restricts sellers from requiring buyers to purchase title insurance from a particular company; otherwise,

1

RESPA does not apply to title companies or their employees. See 12 U.S.C. §2608.  Defendants, Landis Title Corporation and Renee Gould, never acted as creditors in any capacity with Plaintiff.

The remaining United States Codes that Plaintiff makes reference to in Plaintiff's claim that this Court has jurisdiction over this matter are all criminal codes and are not applicable in this Complaint for a civil action.  Plaintiff makes no further reference to these alleged violations other than stating in his numerous counts that the named defendants "admitted to all allegations within the state court matter under docket no. L-001651-10."  Plaintiff provides no proof of any admissions other than making reference to his Exhibit D, in which Defendants clearly offer valid disputes to Plaintiff's Statement of Material Facts, which was part of Plaintiff's Motion for Summary Judgment in the Superior Court matter.

Regardless of the applicability of any of the federal codes and/or regulations, Plaintiff's claims are time barred.  The regulations referenced by Plaintiff have a maximum statute of limitations of three (3) years. See 12 U.S.C. §2614 and 15 U.S.C. §1640(e).  The closing which is the subject of this litigation took place on August 24, 2007, over four (4) years ago.  Therefore, Plaintiff's claims are barred by the Statute of

Limitations and this Court lacks jurisdiction.

B.    Lack of Diversity of Citizenship Jurisdiction

There is no diversity of citizenship jurisdiction in this matter.    The District Court may hear state causes of action based on diversity of citizenship pursuant to 28 U.S.C. §1332 provided that all plaintiffs are citizens of states other than that in which the defendants are citizens, and the amount in controversy is in excess of $75,000.00. See 28 U.S.C. §1332(a).

On Plaintiff's Civil Cover Sheet to his Complaint, he checked "Diversity" for the Basis for Jurisdiction, however, when Plaintiff indicated the Citizenship of the parties he noted that all the parties are "Citizens of this State."  Although the amount in controversy claimed by Plaintiff is in excess of $75,000.00, there is no diversity of citizenship because the parties are all citizens of the same state as evidenced by Plaintiff's own statements in his Complaint.    Therefore, this Court lacks jurisdiction based upon diversity of citizenship.

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction as there is no basis for jurisdiction by means of federal question or diversity of citizenship.

3

## II   Plaintiff's Complaint Fails to State a Claim upon Which Relief May Be Granted.

Plaintiff's claims must be dismissed as his legal claims are without merit.    The Federal Rules of Civil Procedure allow a court to dismiss a Complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).    "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007) (internal citations omitted).    Therefore, it can be presumed that a claim must be "plausible on its face." Id. at 1974.    In deciding a 12(b)(6) motion, courts "will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." Kelley v. Edison Twp., 377 F. Supp. 2d 478, 481 (D.N.J. 2005)(citing Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977)).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court strongly reinforced the pleading requirements for a complaint set forth in the Court's prior decision in Twombly.

4

In Ashcroft, the Court explained that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations," Fed. R. Civ. P. 8(a) demands "more than an unadorned, the-defendant-harmed-me-accusation." Ashcroft, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). A complaint that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. Nor does a pleading suffice if it offers "naked assertions]" absent "further factual enhancement." Id. (citing Twombly, 550 U.S. at 557).

Therefore, in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and under Ashcroft and Twombly, a complaint must contain direct and plausible allegations respecting all material elements necessary to sustain recovery under a viable legal theory. A complaint should be dismissed if it is devoid of the facts necessary for the plaintiff to prevail under the causes of action asserted.

Plaintiff fails to state a claim upon which relief could be granted when applying these standards to the Plaintiff's complaint, and therefore his Complaint should be dismissed. Taking the factual allegations in the Complaint as true, Plaintiff fails to state claims against Defendants for Consumer

Fraud, Punitive Damages Act, Fraud, Conspiracy, Predatory Lending/Racketeering, Negligence, and Breach of Duty of Care. Having previously litigated his claims in state court and lost as evidenced by Plaintiff's own admission (¶7 of Plaintiff's Complaint), Plaintiff's claims are barred by the Rooker Feldman doctrine, and by New Jersey's preclusionary doctrine of res judicata.

Alternatively, Plaintiff's claim fails under TILA, RESPA, HOEPA and Regulation Z since Defendants are not creditors and the claim is otherwise time barred by the maximum three (3) year statute of limitations.

**III Plaintiff's Claims Are Barred by the Rooker Feldman Doctrine.**

Under the Rooker Feldman doctrine, federal courts lack jurisdiction to review state court judgments. See, In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). A "federal claim is barred by Rooker Feldman under two circumstances; first if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state court adjudication, meaning that the federal court relief can only be predicated upon a conviction that the state court was wrong." Id. at 580.

6

The claims pled here all challenge the exact issues that have already been decided by the state court through the entry of summary judgment against Plaintiff. For this reason, the Court should dismiss the Plaintiff's complaint.

## IV  Plaintiff's Claims are Barred by Res Judicata.

Even if the Court were to hold that the Rooker Feldman does not bar Plaintiff's claim, the claim is alternately barred by res judicata. "[T]he continuing vitality of a federal action filed after entry of a state-court judgment often depends on state preclusion law." Patetta v. Wells Fargo Bank, No. 09-2848, 2010 U.S. at *32.

Dist. LEXIS 47233 (D.N.J. May 13, 2010). "[T]he full faith and credit act requires federal courts to give the same preclusive effect to a state court judgment" as the state court would give. Patetta, 2010 U.S. Dist. LEXIS 47233 at *32. Accordingly, Plaintiff's claim should be barred pursuant to New Jersey law and its preclusionary doctrine as it applies here.

Res Judicata, also known as claim preclusion, bars a party from relitigating a second time what was litigated and finally determined the first time. See, e.g., Twp. of Warren v. Suffness, 225 N.J. Super. 399, 408 (App. Div. 1988). "Under New

7

Jersey law, res judicata requires the following elements: (1) the final judgment in the prior action must be valid, final and on the merits, (2) the parties in the later action must be identical to or in privity with the prior action; and (3) the claim in the later action must grow out of the same transaction." Harris v. Brody, 317 Fed. Appx. 153, 155 (3d Cir. 2008). In cases where these elements are present, a final judgment on the merits of an action precludes the parties or their privies from relitigating the issues that were raised or could have been raised in the previous action. See, e.g., Federated Dep't. Stores, Inc. v. Moitie, 452 U.S. 394 (1981).

Here, Plaintiff's claims are essentially identical to those he raised in the state court action and to which he lost against the same Defendants. Plaintiff had a full and fair opportunity to litigate these identical claims in the state court action. Plaintiff filed a Summary Judgment motion, Defendants filed a cross motion for Summary Judgment, oral arguments were heard, and the Court ruled in favor of Defendants and against Plaintiff. As summary judgment against Plaintiff was entered and valid, the parties in the state court action are essentially identical to the current action, and the claims raised by Plaintiff are identical to those raised in the state court action, the elements of res judicata are satisfied, therefore

8

Plaintiff is precluded from relitigating this claim and his complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed.

Dated: _10 - 4- 11_

Phillip S. Van Embden, Esquire
**PHILLIP S. VAN EMBDEN, P.C.**
900 East Pine Street, PO Box 863
Millville, NJ 08332
Phone: (856)327-5656
Fax: (856)327-5852
Attorney for Defendants, Landis
Title Corporation and Renee Gould