## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Peter DiPietro, | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| V. | : | **CASE NO. 1:11-cv-05110-NLH-AMD** |
| | : | |
| Landis Title Company, | : | |
| Renie Geuld; employee of | : | **AMENDED COMPLAINT** |
| Landis Title Company | : | |
| Ballard Spahr, LLP | : | |
| Mariah Murphy, Associate | : | |
| Of Ballard Spahr, | : | |
| Superior Court of New Jersey, | : | |
| Judge Anne McDonnell; | : | |
| Individually and in her | : | |
| Official capacity, | : | |
| Dan Long; Individually and in | : | |
| his Official capacity, | : | |
| Martina Hinman; Individually | : | |
| Andher Official capacity, | : | |
| | : | |
| Defendants. | : | |

_____/

Plaintiff Peter DiPietro says:

1.   At all times hereinafter mentioned, plaintiff was and still is a resident of New Jersey.

2.   Defendant Landis Title Company is a corporation incorporated under the laws of New Jersey, having a main office at 1117 E. Landis Avenue, Suite D, Vineland NJ 08360.

3.   Defendant Renie Geuld is an individual and is employed by Landis Title Company.

1

4.    Defendant Ballard Spahr LLP is a law firm corporation incorporated under the laws of New Jersey, having an office at 210 Lake Drive East, Suite 200, Cherry Hill, 08002.

5.    Defendant Mariah Murphy is an individual and an Associate of Ballard Spahr, LLP.

6.    Defendant Superior Court of New Jersey, is an entity of the State of New Jersey, with offices located at Hughes Justice Complex, 25 West Market Street, Trenton, New Jersey 08625.

7.    Defendant Judge Anne McDonnell is a Judge who sits in the Gloucester County Court, Chancery Division, 1 North Broad Street, Woodbury, New Jersey, 08096.

8.    Defendant Dan Long is a Law Clerk for Judge Anne McDonnell at the Gloucester County Court, Chancery Division, 1 North Broad Street, Woodbury, New Jersey, 08096.

9.    Defendant Martina Hinman is a Judicial Employee for the Gloucester County Court, Chancery Division, 1 North Broad Street, Woodbury, New Jersey, 08096.

**JURISDICTION**

6.    This court has jurisdiction of this adversary proceeding under Title 28 § 1331, 15 U.S.C. 1601, 15 U.S.C. 1639, 12 CFR Part 226, 12 U.S.C. 2602, 42 U.S.C. 3535(d), HOEPA. Title 18 Chapter 19 Conspiracy, Title 18 Chapter 47 Fraud and

False Statements, Title 18 Chapter 79 Perjury, Title 18 Chapter 96 Racketeer Influenced and Corruption Organizations.

7.   This court has jurisdiction of this adversary proceeding because the state court adjudicated all claims against all named defendants.

8.   This Court has Jurisdiction of this adversary proceeding under 28 U.S.C. § 1331, § 1334 grants the District Courts for the United States jurisdiction to hear this matter insofar as this matter arises out of the Constitution and Laws of the Untied States of America, to wit 42 U.S.C. § 1983 et seq.

9.   This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 453 which grants the District Courts for the United States jurisdiction to hear this matter insofar as this matter arises out of named Judges violated their Oath.

## FACTUAL BACKROUND

10.   On or about January 1, 2009, Plaintiff Peter DiPietro was served a Summons and Complaint to foreclose on plaintiff's property under Docket No. F-48886-08.

11.   On or about February 6, 2009, plaintiff filed his Answers, Affirmative defenses and Counterclaim against Newfield National Bank. The plaintiff alleges four counts against Newfield National Bank, Consumer Fraud, Punitive Damages, Fraud and Action for Quiet Title.

12.   After Newfield was in default for over 300 days the Plaintiff filed a request for entry of default and Motion for default final judgment against Newfield National Bank, that motion was denied.

13.   Plaintiff filed four Motions to amend his complaint within the Action; the court denied all four Motions.

14.   Plaintiff filed two Motions to Compel Discovery, both motions where denied by the Court.

15.   The plaintiff filed a motion to recuse Judge Rafferty from hearing the matter, that motion was also denied. Every Motion filed by the plaintiff was denied by the court.

16.   The Court did witness several RESPA violations by Newfield National Bank.

17.   The Court did witness that the plaintiff was a victim of a bait and switch scheme perpetrated by Newfield National Bank. The plaintiff signed a Final Typed Universal Residential Loan Application for a thirty year fixed rate mortgage; instead the plaintiff was given a balloon note with no disclosures prior, during and after closing.

18.   The Court attempted on several occasions within the proceedings to coerce the plaintiff to drop his counterclaim sign a new loan with Newfield National Bank.

19.   The plaintiff filed for Summary Judgment against Newfield National Bank, Newfield National Bank filed a cross-

**4**

motion for summary judgment, the plaintiff's motion was denied and Newfield National Banks motion was granted. The plaintiff had his property foreclosed on September 16, 2010.

20.   The Court severed the plaintiff's germane counterclaim and transferred it to the law division.

21.   The plaintiff filed a Motion for Stay pending appeal. Judge Anne McDonnell's law clerk, Dan Long, left a message on the plaintiff's answering machine on October 15, 2010, the morning of the hearing, and stated that the Judge was sick and the matter will be heard on October 29, 2010. The court then had ex-parte hearing on October 15, 2010 and denied the plaintiff's motion.

22.   The plaintiff filed an amended complaint to add Michele Sterklere, employee of Newfield National Bank, John/Jane Doe #1 through #5, employees of Newfield National Bank, Landis Title Company, Renie Geuld, employee of Landis Title Company, Ballard Spahr, LLP and Mariah Murphy Associate under Docket No. L-001651-10.

23.   The plaintiff filed an Affidavit of Michael J. Smith which details all the TILA, RESPA, and HOEPA violation committed by Newfield National Bank, John/Jane Doe #1 through #5, Landis Title Company and Renie Geuld.

24.   The plaintiff filed his sworn statement in lieu of affidavit of lack of care.

25.   Defendants Landis Title Company, Renie Geuld, Ballard Spahr, LLP and Mariah Murphy Associate objected in their answers to the plaintiff's interrogatories and request for admissions.

26.   The court dismissed all counts against defendant Landis Title Company, Renie Geuld, Ballard Spahr, LLP and Mariah Murphy Associate without any bases of law or fact.

27.   The plaintiff filed four Requests for Entry of Default against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5, all were denied by either Judge Richard Gieger or court employee Martina Hinman.

## COUNT I

### (Consumer Fraud)

1.   On August 24, 2007, Newfield National Bank and Plaintiff Peter D. DiPietro entered into a written agreement involving a mortgage and mortgage note to secure an alleged sum. The closing was provided by Landis Title Company.

2.   Defendant Landis Title Company is a "'title company' pursuant to RESPA 12 U.S.C. § 2602(4).

3.   Defendant Landis Title Company provides "Settlement Services" pursuant to RESPA 12 U.S.C. § 2602(3).

4.   Plaintiff's property was foreclosed on in 2010 and was valued at signing over $400,000.00.

5.   The alleged document, known as the "Balloon Note" is not the same document that Plaintiff had made application for.

6

6.    Defendant Landis Title Company advertises: Providing personalized service from our highly-trained, knowledgeable staff; Offering a wide array of settlement-related services; Ensuring that you are prepared for settlement with the most accurate and complete information.

7.    Defendant Landis Title Company failed at their duty to the plaintiff by ensuring that plaintiff was prepared for settlement with the most accurate and complete information.

8.    Defendant did conspire with Newfield National Bank to have the plaintiff sign for a detrimental mortgage that had to be paid in full in five years.

9.    Defendant Landis Title Company and Newfield National Bank have had a relationship prior to the execution of the plaintiff's mortgage loan, defendant had full knowledge that the property was valued in excess of $400,000.00 at closing and that the plaintiff only borrowed $240,000.00. The defendant had full knowledge that the plaintiff did put over $100,000.00 of his own money and his time into his property. The defendants had full knowledge that balloon note mortgages are detrimental to borrowers, but allowed Newfield National Bank to switch the loan at closing on the plaintiff.

10.    Defendant Landis Title Company had full knowledge that the plaintiff had signed a Final Typed Universal Residential Loan Application (hereinafter URLA) for a thirty

year fixed rate mortgage. **ATTACHED as Exhibit A**

  11. The defendant willfully refused to explain to the plaintiff the details of a "Balloon Note" Mortgage at closing.

  12. The defendant had full knowledge that the plaintiff was not disclosed about the terms and the conditions of the loan prior to, during and after the closing. **ATTACHED as Exhibit B: Affidavit of Michael J. Smith**

  13. Defendant had full knowledge that Newfield National Bank had plaintiff sign URLA that was "incomplete" or "blank" in the loan type areas. The handwriting is not the plaintiff's in the loan type area and was completed by someone within Newfield National Bank the application if for the sum of $200,000.00 and not $240,000.00, this URLA was not signed by any bank employee.

  14. The defendant had full knowledge that TILA and RESPA violations were being committed by defendant Newfield National Bank prior to and at closing and willfully failed to correct the situation prior to closing.

  15. Defendant willfully had plaintiff sign an "incomplete" or "blank" HUD-1 Settlement Statement file # LT13224-CP in violation of Title 12 § 2603(b). **ATTACHED as Exhibit C**

  16. Defendant Landis Title Company has willfully, knowingly and with intent to defraud the Gloucester County Clerk's Office did record a fraudulent loan document in

violation of Title 18 § 1001 through § 1010.

17.     Defendant Landis Title Company is in the business of ensuring that plaintiff was prepared for settlement with the most accurate and complete information.  Plaintiff relied upon Defendant for its expertise, professional capacity, accompanying services and protections, and to follow Federal and State rules, regulations and laws regulating those transactions.  Defendant placed an invalid loan title within the County Clerk's Office with unclean hands. These facts are proof that Plaintiff relied upon Defendant's expertise and professional capacity(ies) to his detriment.

18.   The defendant willfully conspired with defendant Newfield National Bank's wrongful conduct to violate Federal and State laws, specifically, Title 12 § 2603(b), 42 U.S.C. 3535(d), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15 U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f), "RESPA" regulations, "REGULATION Z" regulations, Home Ownership and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq. and Amendments, by and through Predatory Lending Practices perpetrated by Defendant.

19.   The wrongful conduct, fraud, deception, false representations and violations of the aforereferenced Federal and State laws by Defendant constitutes Consumer Fraud, in

violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and actionable for recovery of damages pursuant to  N.J.S.A. 56:8-19.

20.   Defendant Landis Title Company admitted to all allegations within the state court matter under Docket No. L-001651-10. **ATTACHED as Exhibit D**

21.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

**COUNT II**

**(Punitive Damages Act--N.J.S.A. 2A:15-5.9)**

1.   The plaintiff re-alleges and restates each allegation.

2.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Defendant defrauded Plaintiff through Predatory Lending Acts, fraud in the inducement, actual fraud (extrinsic and intrinsic), probable forgeries, violations of Right of Rescission pursuant to 15 U.S.C. §1635 and 12 C.F.R. (Code of Federal Regulations) §226.15, and committed violations of HUD, TILA, RESPA and Regulation Z regulations, laws, and

rules.

3.  The damages suffered by Plaintiff were the result of acts, omissions and commissions in part of Defendant Landis Title Company and done with actual malice and aforethought, and/or with a wanton, willful and knowing disregard for the certainty of financial injury to the Plaintiff resulting from their malicious acts.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

### COUNT III

#### (Fraud)

1.  The plaintiff re-alleges and restates each allegation.

2.  Defendant Landis Title Company did intentional deceived plaintiff into signing a detrimental balloon note mortgage when they had full knowledge that he did apply for a thirty year fixed rate mortgage.

3.  Defendant Landis Title Company had full knowledge that the plaintiff went into closing thinking he was going to receive a thirty year fixed rate mortgage as promised by Newfield

National Bank.

4.    Defendant Landis Title Company willfully concealed a material fact from plaintiff.

5.    Defendant Landis Title Company admitted to all allegations within the state court matter under docket no. L-001651-10.

6.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT IV

### (Conspiracy)

1.    The plaintiff re-alleges and restates each allegation.

2.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery Defendant Landis Title Company could not have legally closed on the plaintiff's mortgage loan. This fact is proof that the defendant did conspire with Newfield National Bank to break the law.

3.    Defendant Landis Title Company admitted to all allegations within the state court matter under Docket No. L-

001651-10.

5.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT V

### (Predatory lending/racketeering)

1.  The plaintiff re-alleges and restates each allegation.

2.  Defendant Landis Title Company did conspire with Newfield National Bank to close on the loan illegally and subjected the plaintiff to predatory lending practices.

3.  Defendant Landis Title Company admitted to all allegations within the state court matter under docket no. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VI

### (Negligence)

1.    The plaintiff re-alleges and restates each allegation.

2.    Plaintiff did pay for the services of defendant Landis Title Company, willfully failed their fiduciary duty to the plaintiff to insure that he was disclosed about the loan and was getting the loan he applied for.

3.    Defendant Landis Title Company admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Landis Title Company in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VII

### (Consumer fraud)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Renie Geuld is a "person" defined under New Jersey Consumer Fraud Act.

3.    The defendant willfully refused to explain to the plaintiff the details of a "Balloon Note" Mortgage at closing of

14

the mortgage.

    4.    Defendant prepared the HUD-1 Settlement Statement that was "incomplete" or "blank" when the plaintiff signed them.

    5.    Defendant had full knowledge that TILA and RESPA violations were being committed by defendant Newfield National Bank.

    6.    Defendant willfully prepared the HUD-1 Settlement Statement File # LT13224-CP with section "B" Type of Loan "blank" in violation of Title 12 § 2603(b)to defraud the plaintiff.

    7.    Defendant had full knowledge that the plaintiff was not disclosed about the loan.

    8.    Defendant Renie Geuld is employed by Landis Title Company, defendant Landis Title Company is in the business of ensuring that plaintiff was prepared for settlement with the most accurate and complete information.  Plaintiff relied upon Defendant Renie Geuld for her expertise, professional capacity, accompanying services and protections, and to follow Federal and State rules, regulations and laws regulating those transactions. Defendant Renie Geuld failed at her duty towards plaintiff. Defendant Renie Geuld placed an invalid loan title within the County Clerk's Office with unclean hands. These facts are proof that Plaintiff relied upon Defendant's expertise and professional capacity(ies) to his detriment.

9.    The defendant acted individually to willfully conspired with defendant Landis Title Company and Newfield National Bank's wrongful conduct which have violated Federal and State laws, specifically, Title 12 § 2603(b), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15 U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f), "RESPA" regulations, "REGULATION Z" regulations, Home Ownership and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq. and Amendments, by and through Predatory Lending Practices perpetrated by Defendant.

10.    The wrongful conduct, fraud, deception, false representations and violations of the aforereferenced Federal and State laws by Defendant constitutes Consumer Fraud, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and actionable for recovery of damages pursuant to  N.J.S.A. 56:8-19.

11.    Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

12.    By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00

**16**

in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT VIII

### (Punitive Damages Act--N.J.S.A. 2A:15-5.9)

1.   The plaintiff re-alleges and restates each allegation.

2.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Defendant defrauded Plaintiff through Predatory Lending Acts, fraud in the inducement, actual fraud (extrinsic and intrinsic), probable forgeries, violations of Right of Rescission pursuant to 15 U.S.C. §1635 and 12 C.F.R. (Code of Federal Regulations) §226.15, and committed violations of HUD, TILA, RESPA and Regulation Z regulations, laws and statutes.

3.   The damages suffered by Plaintiff were the result of acts, omissions and commissions in part of Defendant Renie Geuld acting individually done with actual malice and aforethought, and/or with a wanton, willful and knowing disregard for the certainty of financial injury to the Plaintiff resulting from their malicious acts.

4.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

   **WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment

against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT IX

### (Fraud)

1. The plaintiff re-alleges and restates each allegation.

2. Defendant Renie Geuld did intentional deceived plaintiff into signing a detrimental balloon note mortgage when they had full knowledge that he did apply for a thirty year fixed rate mortgage.

3. Defendant Renie Geuld had full knowledge that the plaintiff went into closing thinking he was going to receive a thirty year fixed rate mortgage as promised by Newfield National Bank.

4. Defendant Renie Geuld had full knowledge that Newfield National Bank was committing fraud against the plaintiff, Defendant willfully refused inform the plaintiff of this, but lay silent during closing. Defendant willfully concealed a material fact from plaintiff. Equity regards done what ought to be done.

5. Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

6. By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a

fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT X

### (Conspiracy)

1.    The plaintiff re-alleges and restates each allegation.

2.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery Defendant Renie Geuld acting individually could not have legally closed on the plaintiff's mortgage loan. This fact is proof that the defendant did conspire with Newfield National Bank to break the law.

3.    Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.    By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

**19**

## COUNT XI

### (Predatory lending/racketeering)

1.     The plaintiff re-alleges and restates each allegation.

2.     Defendant Renie Geuld did conspire with Newfield National Bank to close on the loan illegally and subjected the plaintiff to predatory lending practices.

3.     Defendant Renie Geuld admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.   By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XII

### (Negligence)

1.     The plaintiff re-alleges and restates each allegation.

2.     Plaintiff did pay for the services of defendant Landis Title Company, defendant Renie Geuld acted individually and willfully failed her fiduciary duty to the plaintiff to insure that he was disclosed about the loan and was getting the loan he applied for.

3.     Defendant Renie Geuld admitted to all allegations

within the state court matter under Docket No. L-001651-10.

4.  By the willful acts committed by defendant, Plaintiff was damaged by the loss of his property and all equity by a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Renie Geuld in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XIII

### (Fraud)

1.  The plaintiff re-alleges and restates each allegation.

2.  Defendant Ballard Spahr LLP did foreclose on the plaintiff's property with full knowledge that their client Newfield National Bank did commit fraud against plaintiff.

3.  Defendant Ballard Spahr LLP willfully secured a foreclosure of plaintiff's property when they knew that RESPA violations did exist. **ATTACHED as Exhibit E**

4.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

5.  By defendant Ballard Spahr LLP securing a foreclosure against the plaintiff's property committed an act of fraud.

6.   Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10. **ATTACHED as Exhibit F**

21

7.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XIV

### (Conspiracy)

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP foreclosed on the plaintiff's property with full knowledge that their client Newfield National Bank did commit fraud against plaintiff.

3.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.   Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

5.   In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment

against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

**COUNT XV**

**(Breach of Duty of Care)**

1.   The plaintiff re-alleges and restates each allegation.

2.   Defendant Ballard Spahr LLP did proceed in a foreclosure action when the evidence has shown that plaintiff was a victim of predatory lending in violation of NJ RPC 3.1.

3.   Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.   Defendant Ballard Spahr LLP did attempt to conceal their client's copy of the URLA for a thirty year fixed rate during the action in violation of NJ RPC 3.3, NJ RPC 4.1, NJ RPC 8.1 and NJ RPC 8.4.

5.   Defendant Mariah Murphy of defendant Ballard Spahr LLP made false statements of material fact on the record in violation of NJ RPC 3.3, NJ RPC 3.4, NJ RPC 4.1, NJ RPC 8.1, NJ RPC 8.2 and NJ RPC 8.4.

6.   Defendant Mariah Murphy of defendant Ballard Spahr LLP made statements within the action which is not back by material fact, lawyers cannot act as witnesses, therefore Mariah Murphy has also violated RPC 3.7(a),(1), and (2).

7.   Defendant Ballard Spahr LLP secured a foreclosure on

23

the plaintiff's property with full knowledge that he was a victim of fraud; therefore defendant Murphy has violated NJ RPC 8.4.

8. Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

9. In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## COUNT XVI

### (Racketeering)

1. The plaintiff re-alleges and restates each allegation.

2. Defendant Ballard Spahr LLP did conspire with their client Newfield National Bank to illegally defraud the plaintiff out of his property when defendant Mariah Murphy had full knowledge that her client Newfield National Bank did commit fraud against plaintiff.

3. Defendant Ballard Spahr LLP did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.    Defendant Ballard Spahr LLP admitted to all allegations within the state court matter under Docket No. L-001651-10.

5.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Ballard Spahr LLP in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

## **COUNT XVII**

### **(Fraud)**

1.    The plaintiff re-alleges and restates each allegation.

2.    Plaintiff sent defendant Mariah Murphy Associate of defendant Ballard Spahr LLP four letters and four e-mails demanding the mortgage loan application.

3.    Defendant Mariah Murphy attempted to conceal the thirty year fixed rate URLA from plaintiff to defraud him of his property.

4.    Defendant Mariah Murphy did secure a foreclosure of plaintiff property when the said mortgage is invalid.

5.    Defendant Murphy willfully sent the plaintiff a letter stating that the motion for stay pending appeal to be heard on

October 15, 2010 would be adjourned on November 5, 2010, the
motion was heard on October 15. Defendant did so to deny the
plaintiff's stay of a foreclosure on his property.

6.   Defendant Mariah Murphy did secure a foreclosure on
plaintiff's property with full knowledge that plaintiff was a
victim of a bait and switch scheme which is fraud perpetrated by
her client.

7.   Defendant Mariah Murphy willfully conspired with
defendant Newfield National Bank's wrongful conduct to conceal
an act of fraud with willful intent to defraud plaintiff out of
his property and equity.

8.   By the acts committed by defendant Mariah Murphy have
violated Rules of Professional Conduct RPC 3.7(a),(1), and (2);
RPC 4.1(1); and RPC 4.1(2).

9.   Defendant Murphy acted individually to willfully
conspired with Newfield National Bank's wrongful conduct which
have violated Federal and State laws, specifically, Title 12
§ 2603(b), Truth In Lending Act ("TILA"), 82 Stat. 146, Title 15
U.S.C. §1601 et seq., Title 15 U.S.C. §§1635 et seq, 1635(f),
"RESPA" regulations, "REGULATION Z" regulations, Home Ownership
and Equity Protection Act, ("HOEPA"), and HUD-1 violations, and
New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et
seq. and Amendments, by and through Predatory Lending Practices
perpetrated by Newfield National Bank defendant Mariah Murphy

did secure a foreclosure on the plaintiff property.

10.    Defendant Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

11.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

### COUNT XVIII

### (Conspiracy)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Mariah Murphy acted individually and conspired with her client Newfield National Bank to secure a foreclosure and unlawfully take the plaintiff's property with full knowledge that plaintiff was a victim of predatory lending, bait and switch scheme and was not disclosed about the loan prior to, during and after closing, thereby violating Federal and State Laws and Statutes.

3.    Defendant Mariah Murphy did secure a foreclosure of plaintiff property when the said mortgage is invalid.

4.    Defendant Mariah Murphy admitted to all allegations

within the state court matter under Docket No. L-001651-10.

5. In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

**COUNT XIX**

**(Breach of Duty of Care)**

1. The plaintiff re-alleges and restates each allegation.

2. Defendant Murphy acting individually did proceed in a foreclosure action when the evidence has shown that plaintiff was a victim of predatory lending in violation of New Jersey Rule of Professional Conduct NJ RPC 3.1.

3. Defendant Murphy did attempt to conceal her client's copy of the URLA for a thirty year fixed rate during the action in violation of NJ RPC 3.3, NJ RPC 4.1, NJ RPC 8.1 and NJ RPC 8.4.

4. Defendant Murphy made false statements of material fact on the record in violation of NJ RPC 3.3, NJ RPC 3.4, NJ RPC 4.1, NJ RPC 8.1, NJ RPC 8.2 and NJ RPC 8.4.

5. Defendant Murphy made statements within the action

which is not back by material fact, lawyers cannot act as witnesses, therefore Mariah Murphy has also violated RPC 3.7(a),(1), and (2).

6.  Defendant Murphy secured a foreclosure on the plaintiff's property with full knowledge that he was a victim of fraud; therefore defendant Murphy has violated NJ RPC 8.4.

7.  Defendant Mariah Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

8.  In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

### COUNT XX

### (Racketeering)

1.  The plaintiff re-alleges and restates each allegation.

2.  Defendant Murphy acted individually and conspired with her client Newfield National Bank to willfully defraud the plaintiff out of his property when defendant Murphy had full knowledge that her client Newfield National Bank did commit fraud against plaintiff.

3.    Defendant Mariah Murphy admitted to all allegations within the state court matter under Docket No. L-001651-10.

4.    In accordance with all of the facts and/or issues proven by Plaintiff, and the expansion of facts and issues through discovery, Plaintiff was damaged by the loss of his property and all equity through a fraudulent foreclosure.

**WHEREFORE,** Plaintiff Peter D. DiPietro demands judgment against Defendant Mariah Murphy in the sum of $400,000.00 in compensatory damages and $1,200,000.00 in punitive damages, including interest and costs of suit.

### COUNT XXI

### (For Violations of 42 U.S.C. § 1983, § 1985, § 1986)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendant Superior Court of New Jersey under presiding Judge James Rafferty, did deny the plaintiff's two motions to compel discovery when the judge had full knowledge that Newfield National Bank objected to every question in the plaintiff's interrogatories, by doing so has violated the plaintiff's Due Process and Equal Protection Rights under the First, Fifth and Fourteens Amendment, and foreclosed on plaintiff's property when the court admitted that the plaintiff was a victim of fraud. **ATTACHED as Exhibit G (Pg. 3), Exhibit H, and Exhibit I.**

3.    Defendant Superior Court of New Jersey under presiding Judge James Rafferty, did foreclose on the plaintiff's property

when he had full knowledge that the plaintiff was a victim of a bait and switch scheme, predatory lending, fraud and was not disclosed about the terms and conditions of the balloon note mortgage prior, during and after closing. Judge Rafferty's decision was wrought with procedural defects. To go outside those powers would be ultra vires. **ATTACHED as Exhibit A, Exhibit E, Exhibit I and Exhibit K**

4.     Defendant Superior Court of New Jersey under presiding Judge James Rafferty, did try on several occasions to coerce the plaintiff into dropping his suit against Newfield National Bank and signing a new loan for a thirty year fixed rate, the one he applied for, and if the plaintiff did not succumb to the threats by the court, the court would deprive the plaintiff of his right to his property, in which it did. **Exhibit K and Exhibit J**

5.     Defendant Superior Court of New Jersey under presiding Judge James Rafferty are in violation of N.J.S.A. 2C:30-2, N.J.S.A. 2C:30-6, N.J.S.A. 2C:30-7 and liable to the plaintiff pursuant to N.J.S.A. 59:3-14.

6.     Defendant Judge Anne McDonnell acting in her administrative duty did have her law clerk, defendant Dan Long contact the plaintiff with willful intent to deprive the plaintiff his attendance at his Motion for Stay Pending Appeal hearing. The court conducted ex-parte hearing to further deprive the plaintiff of his property. By doing so is an ex-parte

deprivation of property without due process and equal protections in violation of the plaintiff's First, Fifth and Fourteenth Amendment. Defendant Judge Anne McDonnell acted in her administrative duty in violation of N.J.S.A. 2C:30-2, N.J.S.A. 2C:30-6, N.J.S.A. 2C:28-6.1 and liable pursuant to N.J.S.A. 59:3-14. **ATTACHED as Exhibit L, Exhibit M and Exhibit N.**

7.    Defendant Dan Long contacted the plaintiff with full knowledge of his wrongdoing, submitted a false and fabricated statement on the plaintiff's answering machine. On October 15, 2010 the day of the motion, Defendant Dan Long stated "Judge McDonnell is sick and not in court today, so the motion will be adjourned for two weeks to October the 29." Judge Anne McDonnell was not sick and was present in court that day, as proof, she signed an order denying the plaintiff's motion on October 15, 2010. Defendant Dan Long has committed a crime by violating N.J.S.A. 2C:2-6, N.J.S.A. 2C:3-10, N.J.S.A. 2C:5-2, N.J.S.A. 2C:21-13, N.J.S.A. 2C:28-1, N.J.S.A. 2C:28-6, N.J.S.A. 2C:30-2, N.J.S.A. 2C:30-6 and liable ti the plaintiff pursuant to N.J.S.A. 59:3-14. **ATTACHED as Exhibit N**

8.    After the plaintiff's counterclaim was severed and transferred to the law division and Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5 were beyond the time to answer, Defendant Martin Hinman, employee of the

Superior Court of New Jersey, willfully deprived the plaintiff of his right to Enter a Default Judgment against said defendants under Docket No. L-001651-10 by willfully sending the plaintiff a document with false and fabricated statement as stated "Default cannot be entered, an answer was filed by Newfield National bank on January 12, 2011." with full knowledge that Newfield National Bank did not file any answer into the court action in the Law Division.

9.   Plaintiff sent letters to defendant to produce the defendant's answers, in an attempt to cover her actions, defendant Martina Hinman further defrauded the plaintiff by tampered and altered the Civil Case Information Statement by crossing out the "F" Docket No. and submitting the "L" Docket No. at the top, and inserted the word "complaint" under the word counterclaim. Defendants deny filing an answer at their motion for dismissal. **Exhibit O and Exhibit Q**

10.   Defendant Martina Hinman committed a crime by violating N.J.S.A. 2C:21-4, N.J.S.A. 2C:28-6, N.J.S.A. 2C:28-7, N.J.S.A. 2C:29-1, N.J.S.A. 2C:30-2, N.J.S.A. 2C:30-6 and liable to the plaintiff pursuant to N.J.S.A. 59:3-14.

11.   As the plaintiff was attempting to Enter a Default Judgment against Newfield National Bank, Michele Sterklere, John/Jane Doe #1 through #5, and while defendant Superior Court of New Jersey under presiding Judge Richard Geiger was willfully

repeatedly denying the plaintiff's requests for default, defendant Superior Court of New Jersey attempted to dismiss Michele Sterklere for lack of prosecution. **EXHIBIT P**

12.    On April 12, 2011, defendant Superior Court of New Jersey under presiding Judge Richard Geiger dismissed the plaintiff's Federal TILA, RESPA and HOEPA claims with prejudice.

13.    On June 29, 2011, defendant Superior Court of New Jersey under presiding Judge Richard Geiger again denied the plaintiff his default Judgment, at this point Newfield National Bank, Michele Sterklere, John/Jane Doe #1 through #5 were eight months past the time allow to answer. Defendant Superior Court of New Jersey denied the plaintiff's Entry of default against Newfield National Bank, Michele Sterklere and John/Jane Doe#1 through #4 four times.

14.    Defendant Superior Court of New Jersey under presiding Judge Richard Geiger dismissed all claims against defendant Landis Title Company and Renie Geuld without any bases and when the court had full knowledge that both defendants violated Federal Laws and Statutes.

15.    Defendant Superior Court of New Jersey under presiding Judge Richard Geiger dismissed all claims against defendant Ballard Spahr, LLP and Mariah Murphy when the court had full knowledge that both defendants violated several Rules of professional conduct, submitted false and misleading

statement into the court to secure a fraudulent foreclosed on the plaintiff's property.

16.    At the April 15, 2011 Motion to dismiss hearing Defendant Superior Court of New Jersey under presiding Judge Richard Geiger refused the plaintiff to make his record, the defendant continually interrupted the plaintiff, constantly asked the plaintiff the same questions with intent to coerce the plaintiff to think that he was bound by the balloon note mortgage, refused to acknowledge that the plaintiff was unsophisticated and was taken advantage of by Newfield National Bank, refused the plaintiff to argue his claims against Landis Title Company and Ballard Spahr, LLP, curtailed the rules of the court and the law to conform to his own interpretation, refused to acknowledge that plaintiff's TILA and RESPA claims are viable under the New Jersey Consumer fraud Act, dismisses the allegation that the plaintiff did sign an application for a thirty year fixed rate mortgage. The hearing was completely one sided, towards the end of the hearing, the defendant court completed degraded the plaintiff because he asserted claims against Ballard Spahr, LLP and attorney Mariah Murphy. By the defendant's acts violated the plaintiff's Due Process and Equal Protection in violation of the plaintiff's First, Fifth and Fourteenth Amendment. **ATTACHED as Exhibit Q**

17.    Defendant Superior Court of New Jersey is willfully

depriving the plaintiff of a fair and impartial hearing and forced a foreclosure giving the plaintiff's property to Newfield National Bank because there is an inside tract with Newfield National Bank and Vicinage 15 County Courts. Judge Richard Hoffman of Gloucester County is brothers with Joseph Hoffman who is on the board of directors of Newfield National Bank.

18.    Defendant Superior Court of New Jersey is maliciously depriving the plaintiff of a fair and impartial hearing and maliciously deprived the plaintiff of his property in retaliation of the plaintiff filing a suit against a court employee Angela Merlo. Angela Merlo held herself out as a "court psychologist" and conducted an illegal psychological evaluation on the plaintiff and submitted a false report into the court which deprived the plaintiff any rights to his daughter. Angela Merlo does not have a license, Ph.D. or any other document which would allow her to perform such acts. Defendant Superior Court of New Jersey dismissed the plaintiff's complaint against her; it is currently being appealed under Docket No. A-005207-09T2.

19.    In accordance with all of the facts and/or issues proven by Plaintiff, Plaintiff was damaged by being deprived of his right to his property, right to a fair and impartial hearing without due process and equal protections in violation of the plaintiff's First, Fifth and Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment applies the First

Amendment to each state, including any local government.

**WHEREFORE,** Plaintiff Peter DiPietro demands Judgment against Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman, individually, jointly and severally for:

A.    Injunctive relief to halt any other foreclosure proceedings, sheriff sale and any removal of plaintiff from his property;

B.    Compensatory damages of the value of plaintiff's property in the amount of $400,000.00;

C.    Interest;

D.    Punitive Damages against all defendants in the amount of $1,200,000.00;

E.    Cost of Suit;

F.    Remove the state court action Docket No. L-001651-10 against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5 to federal court;

G.    Such other relief as the Court may deem just and proper.

## COUNT XXII

### (Malicious abuse/misuse/use of process)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman did partake in a

malicious and deliberate misuse and perversion of regularly issued court process not justified by the underlying legal action.

3. Defendants have full knowledge of the existence of an ulterior purpose and motive underlying the use of process.

4. Defendants have used any method to deprive the plaintiff of his property.

5. In accordance with all of the facts and/or issues proven by Plaintiff, Plaintiff was damaged by being deprived of his property and all equity through a fraudulent foreclosure.

**WHEREFORE**, Plaintiff Peter DiPietro demands Judgment against Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman, individually, jointly and severally for:

A. Injunctive relief to halt any other foreclosure proceedings, sheriff sale and any removal of plaintiff from his property;

B. Compensatory damages of the value of plaintiff's property in the amount of $400,000.00;

C. Interest;

D. Punitive Damages against all defendants in the amount of $1,200,000.00;

E. Cost of Suit:

F. Remove the state court action Docket No. L-001651-10

against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5 to federal court;

G.    Such other relief as the Court may deem just and proper.

## COUNT XXIII

### (Intentional and/or Negligent Infliction of Emotional Distress)

1.    The plaintiff re-alleges and restates each allegation.

2.    The actions aforesaid were and are intentional and were and are intended to produce and did produce emotional distress. Alternatively, the actions were and are reckless in disregard of a high probability that emotional distress would follow.

3.    The aforesaid misconduct is so outrageous, that it proximately and directly caused Plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff Peter DiPietro demands Judgment against Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman, individually, jointly and severally for:

A.    Injunctive relief to halt any other foreclosure proceedings, sheriff sale and any removal of plaintiff from his property;

B.    Compensatory damages of the value of plaintiff's property in the amount of $400,000.00;

C.    Interest;

D.    Punitive Damages against all defendants in the amount of $1,200,000.00;

E.    Cost of Suit:

F.    Remove the state court action Docket No. L-001651-10 against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5 to federal court;

G.    Such other relief as the Court may deem just and proper.

### COUNT XXIV

### (Government Abuse of Power/Government Oppression; Public Employee wrongfully acts against Plaintiff)

1.    The plaintiff re-alleges and restates each allegation.

2.    Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman are public employees, entities, agencies acting inside of their employment. Defendants has caused damage to the plaintiff by wrongfully depriving him of his property. Defendants abused their power and committed government oppression against Plaintiff. Defendants' actions were without good faith.

3.    Broad ultra vires exist and apply because of the clear abuse of power and a failure to exercise administrative discretion.

4.    Defendants actions caused damage to Plaintiff.

**WHEREFORE,** Plaintiff Peter DiPietro demands Judgment against Defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman, individually, jointly and severally for:

A.    Injunctive relief to halt any other foreclosure proceedings, sheriff sale and any removal of plaintiff from his property;

B.    Compensatory damages of the value of plaintiff's property in the amount of $400,000.00;

C.    Interest;

D.    Punitive Damages against all defendants in the amount of $1,200,000.00;

E.    Cost of Suit:

F.    Remove the state court action Docket No. L-001651-10 against Newfield National Bank, Michele Sterklere and John/Jane Doe #1 through #5 to federal court;

G.    Such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Peter D. DiPietro demands Trial by Jury.

September 20, 2011

_____
Peter DiPietro
496 South Bluebell Rd.
Vineland, New Jersey
08360                856-697-9500

41

## CERTIFICATE OF SERVICE

I, Peter DiPietro, certify to the following:

1.    I hand delivered a Original and 1 copy of plaintiff's Motion to Amend and Remove from state court and Amended Complaint upon the Clerk, United States District Court, District of New Jersey at Mitchell H. Cohen, United States Courthouse, one John F. Gerry Plaza, 4th and Copper Sts., Camden, New Jersey 08101.

2.    I served 2 copies to Defendant Landis Title Company and Renie Gueld at 1117 E. Landis Avenue, Suite D, Vineland, NJ 08360 by USPS Certified Mail.

3.    I served 2 copies to Defendant Ballard Spahr, LLP and Mariah Murphy at 210 Lake Drive East, Suite 200, Cherry Hill, New Jersey, 08002 by USPS Certified Mail.

4.    I served 4 copies to the 4 Defendants: Superior Court of New Jersey, Judge Anne McDonnell, Dan Long and Martina Hinman at the Gloucester County Court House at 1 North Broad Street, Woodbury, New Jersey, 08096 by USPS Certified Mail.

I certify that the foregoing statements made by me are true. If any of the foregoing statement made by me is willfully false, I am subject to punishment.

Dated: September 20, 2011

Peter DiPietro

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Peter DiPietro

**DEFENDANTS**
Landis Title Co., Renie Geuld, Ballard Spahr LLP, Mariah Murphy, Superior Court of New Jersey, Judge Anne McDonnell, Dan Long,

**(b)** County of Residence of First Listed Plaintiff  Gloucester County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Gloucester County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Self Represented
495 South Bluebell Rd.
Vineland N.J. 08360

Attorneys (If Known)

### II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 480 Consumer Credit |
| Student Loans (excl. vet.) | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Satellite TV |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodity/Exch. |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Inj. | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☒ 290 All Other Real Property | ☐ 445 ADA—Employment | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | ☐ 446 ADA — Other | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION    (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

### VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court.  Use a separate attachment if necessary)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

### IX. This case
☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____ , previously dismissed by Judge _____

DATE  9/22/11

SIGNATURE OF ATTORNEY OF RECORD