**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

PETER DIPIETRO,

        Plaintiff,

    v.

LANDIS TITLE COMPANY, et al.,

        Defendants.

Civ. No. 1:11-cv-5110-NLH-AMD

**OPINION and ORDER**

**APPEARANCES:**

PETER DIPIETRO
495 SOUTH BLUEBELL ROAD
VINELAND, NJ 08360

    Appearing *pro se*

PHILLIP S. VAN EMBDEN
PHILLIP S. VAN EMBDEN, P.C.
P.O. BOX 863
900 EAST PINE STREET
MILLVILLE, NJ 08332

    On behalf defendants Renee Gould and Landis Title
    Corporation[1]

CHRISTOPHER CORSI
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

    On behalf of defendants Ballard Spahr, LLP and Mariah
    Murphy

---

[1] These defendants' names are incorrectly pleaded as "Renie Geuld" and "Landis Title Company."

1

KELLY AMBER SAMUELS
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    On behalf of defendants Superior Court of New Jersey, Judge Anne McDonnell, Dan Long, and Martina Hinman

**HILLMAN**, **District Judge**

WHEREAS, on April 19, 2012, Plaintiff filed a complaint alleging violations of his constitutional, statutory, and common law rights related to a foreclosure in New Jersey state court (ECF 1); and

WHEREAS, Newfield National Bank filed seeking foreclosure after Plaintiff defaulted on his mortgage; and

WHEREAS, Plaintiff asserted counterclaims including seeking damages for fraud; and

WHEREAS, the chancery court judge granted summary judgment in favor of Newfield National Bank on the foreclosure; and

WHEREAS, the matter was transferred to the New Jersey State Court Law Division to address the counterclaims; and

WHEREAS, Plaintiff added as parties Landis Title Corporation and Landis Title Corporation employee Renee Gould as well as Ballard Spahr, LLP and an associate attorney Mariah Murphy who represented Newfield National Bank in the foreclosure; and

2

WHEREAS the case was transferred from Gloucester County to Cumberland County at Plaintiff's request; and

WHEREAS, Judge Richard Geiger granted summary judgment against DiPietro; and

WHEREAS, Plaintiff's motion for leave to appeal was denied on August 25, 2011; and

WHEREAS, Plaintiff then filed this suit in federal court, against Landis Title Corporation; Renee Gould; as well as Ballard Spahr, LLP; Mariah Murphy; Judge Anne McDonnell; Judge McDonnell's law clerk Dan Long; and court employee Martina Hinman; and

WHEREAS, Defendants moved to dismiss the case; and

WHEREAS, in this Court's June 11, 2012 Opinion and Order (ECF 54), this Court determined that Plaintiff's claims were barred by Colorado River and Younger Abstention doctrines as well as the Rooker-Feldman doctrine, and dismissed Plaintiff's claims with prejudice; and

WHEREAS, this Court explained that "[a] comparison of DiPietro's claims in his amended complaint with the DiPietro's claims in his prior and ongoing state court proceedings shows that DiPietro is attempting to have this Court overturn state court judgments, interfere with the state foreclosure process, and otherwise relitigate claims that have already been addressed in the state court"; and

3

WHEREAS, Colorado River provides that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); and

WHEREAS, Younger precludes a federal court's intervention in ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971); and

WHEREAS, under Rooker-Feldman, once a state court proceeding has concluded, the Rooker-Feldman abstention doctrine applies where the relief requested in the federal court would effectively reverse a state court decision or void its ruling; and

WHEREAS, this Court determined that all three of these abstention doctrines were implicated:

> (1) this case and his state court matters are parallel and substantially identical; (2) some matters are ongoing; (3) they implicate important state interests-- foreclosure of a property in New Jersey, the conduct of attorneys and judges in the state court, and the actions of a local bank and title company; (4) the state proceedings have afforded DiPietro an adequate opportunity to raise constitutional issues, as they were severed from his foreclosure action and continued as a separate case in the Law Division; and (5) to the extent that some of DiPietro's state court proceedings have concluded, his claims here are

4

> "inextricably intertwined" with those state court matters, in addition to having been actually litigated there."

(ECF 54 at 12); and

WHEREAS, the Court abstained from hearing Plaintiff's claims and dismissed Plaintiff's case (ECF 55); and

WHEREAS, this Court denied Plaintiff's motion for reconsideration (ECF 59); and

WHEREAS, this case has been closed since June 11, 2012; and

WHEREAS, on August 31, 2023, Plaintiff submitted a filing to this Court seeking to reinstate this case pursuant to Federal Rule of Civil Procedure 60; and

WHEREAS, Plaintiff also filed to reinstate another closed case in this Court, Peter DiPietro v. Morisky, et al., No. 12-2338; and

WHEREAS, that same day he also filed a motion entitled "Motion for Application of Payment in this Court Registry Investment System (CRIS)" and "Motion for Withdrawal of Funds from the Registry of the Court" in this case as well as a number of other closed case, including: Peter DiPietro v. Gloucester County Sherriff's Dept., No. 11-5878; Peter DiPietro v. Morisky, et al., No. 12-2338; Peter DiPietro v. State of New Jersey, No. 14-352; and Peter DiPietro v. State of New Jersey, No. 19-17014 seeking the return of either $10 million or $10 billion dollars

5

from the Court's register;2 and

    WHEREAS, Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60; and

    WHEREAS, a Rule 60(b) motion "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); and

---

2  The motion seeks the return of "$10,000,000,000.00 TEN MILLION DOLLARS plus any accrued interest." (ECF 60).

WHEREAS, as a primary matter, Plaintiff's Rule 60 (b) motion is untimely.  It was filed more than ten years after this Court dismissed the case, which is beyond any "reasonable time" for filing; and

WHEREAS, even if the Court found Plaintiff's Rule 60(b) motion to "be made in a reasonable time," the substantive bases for Plaintiff's motion are without merit; and

WHEREAS, in his Motion to Reinstate he sets forth, in one page, his only reason for reopening the matter as: "Judge Noel Hillman knew that the Federal Circuit Court had original jurisdiction but dismissed the case to cover up crimes committed by all named defendants including STATE OF NEW JERSEY JUDICIARY" (emphasis in original); and

WHEREAS, Plaintiff does not aver any basis for this Court's jurisdiction, nor does he address the Colorado River, Younger, or Rooker-Feldman abstention doctrines; and

WHEREAS, Plaintiff's "Motion for Application of Payment in this Court Registry Investment System (CRIS)" and "Motion for Withdrawal of Funds from the Registry of the Court" is patently frivolous on its face in that it provides no legal analysis or any allegations of a good-faith belief that such an enormous amount of money was ever deposited into the Court Registry or would otherwise be owed to him by the Clerk or the Court; nor, given the nature of this matter and a review of the docket, is

7

there any objective reason why such funds would have been deposited during the litigation of this matter or evidence that such a deposit or deposits were ever made;

THEREFORE, it is on this 17th day of October, 2023,

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's Rule 60 Motion, (ECF 61) to Reinstate be, and the same hereby is, DENIED; and it is also

ORDERED that the Motion for Application of Payment in this Court Registry Investment System (CRIS)" and or Withdrawal of Funds", (ECF 60) be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that the Clerk serve a copy of this Opinion and Order on Plaintiff by regular mail.

At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.